**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| KURT E. SCHEUNEMAN, )<br>　　　　　　　　　Plaintiff, )<br>　v. )<br>　　　　　　　　　　　　　　　　　)<br>UNITED STATES, a federal corporation )<br>a/k/a United States of America, )<br>DEPARTMENT OF THE TREASURY, )<br>and INTERNAL REVENUE SERVICE )<br>OVERSIGHT BOARD, )<br>　　　　　　　　　Defendants. ) | Case No. 07-2020 |

# REPORT AND RECOMMENDATION

　　In January 2007, Plaintiff Kurt E. Scheuneman, acting *pro se*, filed his Complaint (#1) against Defendants United States, Department of the Treasury, and Internal Revenue Service (hereinafter "IRS") alleging violations of the Internal Revenue Code (Title 26 of the United States Code, hereinafter "IRC"). Plaintiff alleges that the Court can exercise federal jurisdiction over the suit based on 28 U.S.C. §§ 1331 and 1346(a)(1).

　　In June 2006, Defendants filed a Motion To Dismiss (#11) based on lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#11)** be **GRANTED**.

## I. Standard of Review

　　Under Rule 12(b)(1), a defendant may challenge jurisdiction in two ways – facially or factually. *Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 n.2 (7th Cir. 2002); *Freiburger v. Emery Air Charter Inc.,* 795 F. Supp. 253, 256-57 (N.D. Ill. 1992). A facial challenge occurs when the defendant asserts that the "allegations of jurisdiction in the pleadings are facially insufficient to demonstrate the existence of jurisdiction." *Freiburger,* 795 F. Supp. at 256. Under this type of challenge, the court will "accept the complaint's well-pleaded factual

allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996).

In addition, the defendant may dispute the existence of subject matter jurisdiction as a factual matter, challenging "the truth of the jurisdictional facts plaintiff alleged in the pleadings." *Freiburger,* 795 F. Supp. at 257. Under this challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993); *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979). At this point, the "presumption of correctness that [the Court may] accord to a complaint's allegations falls away" (*Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 685 (7th Cir. 1998)), and the plaintiff bears the burden of providing "competent proof" that jurisdiction exists. *Target Mkt. Publ'g v. Advo, Inc.,* 136 F.3d 1139, 1142 (7th Cir. 1998).

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations and draw all inferences in the light most favorable to the nonmoving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should grant the motion only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle her to relief. *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998). While this standard does not require that a plaintiff plead facts or law to support a claim for relief, a plaintiff may plead herself out of court by alleging facts that defeat recovery. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

## II. Background

Plaintiff alleges that in December 2004 he received notification that he had not filed a federal income tax return for the tax year 2003. (#1, ¶ 14.) In December 2005, Michael Thole and Bernard Coleman of the IRS Criminal Investigation Division issued Form 2039 Summonses

to several of Plaintiff's business associates seeking testimony and records. (#1, ¶ 28.) Plaintiff alleges that the summonses were issued to obtain testimony and records in reference to the tax years 1996 to 2004. (#1, ¶ 37.) In November 2006, Plaintiff's ex-wife Melinda Scheuneman testified before a grand jury regarding this investigation. (#1, ¶ 26.) Plaintiff alleges that he did not receive a Notice of Deficiency at any point. (#1, ¶ 40.)

The Court must liberally construe the pleadings of *pro se* litigants. *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Applying this standard, the Court construes Plaintiff's complaint as follows: (1) Defendants violated 26 U.S.C. § 7602(d)(1) by sending summonses to Plaintiff's business associates pursuant to a grand jury investigation (Count I); (2) Defendants violated 26 U.S.C. § 6531 by pursuing a grand jury investigation for tax years 1996-2000 (Count II); (3) Defendants violated 26 U.S.C. §§ 6212(a) and 6213(a) by beginning court proceedings without giving Plaintiff sixty days notice (Count III); (4) Defendants violated 26 U.S.C. § 6103 by issuing summonses to Plaintiff's associates and thereby disclosing tax return information (Count IV); (5) Defendants violated 26 U.S.C. § 6751(b) by assessing a penalty without the approval of the Secretary of the IRS (Count V); (6) Defendants violated 26 U.S.C. § 7429(a)(1) by making a jeopardy assessment without the approval of Chief Counsel of the IRS (Count VI); (7) Defendants violated 26 U.S.C. § 7429(a)(1)(B) by failing to provide the taxpayer with a written statement upon which the Secretary relied within five days of making a jeopardy assessment (Count VII); and (8) Defendants violated 26 C.F.R. § 601.201(a)(1) and 31 C.F.R. § 0.207 by failing to answer Plaintiff's inquiry seeking production of certain documents prior to a scheduled hearing (Count VIII). For each of these claims, Plaintiff seeks to enjoin the ongoing grand jury investigation and asks for general declaratory relief.

In Count IX, Plaintiff alleges that 26 U.S.C. § 7201 is unconstitutionally vague because the statute punishes people who "evade or defeat any tax imposed," and the statute does not specify which tax. Plaintiff requests an order declaring the statute unconstitutional and immediately enjoining prosecution under the statute. In Count X, Plaintiff alleges that 26 U.S.C. §§ 7203 and 6001 are unconstitutionally vague because they include phrases such as "any person

required," "every person liable," and "any tax imposed"; Plaintiff alleges that these terms are overly broad. Plaintiff seeks an order declaring these statutes unconstitutional and immediate injunction against prosecution under these statutes. Finally, in Count XI, Plaintiff alleges that Congress failed to enact the enforcement provisions of Subtitle F of Title 26 in accordance with the Presentment Clause of Article I. Plaintiff seeks an order declaring the enforcement provisions of Subtitle F unconstitutional and an injunction against prosecution under this subtitle.

In sum, Plaintiff asks for injunctive relief pursuant to the Administrative Procedure Act (5 U.S.C. §§ 701-706) in Counts I through VIII, seeking to enjoin the ongoing grand jury investigation. Plaintiff also requests declaratory relief, presumably pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201), in these counts, apparently as to the purported illegality of Defendants' actions. In Counts IX through XI, Plaintiff seeks declaratory judgment, specifically declaring certain sections of the Internal Revenue Code unconstitutional, and injunctive relief against prosecution under these sections.

### III.  Analysis
#### A.  Federal Subject Matter Jurisdiction

To bring an action against the United States in district court, a plaintiff must identify both (1) a statute that confers general subject matter jurisdiction, and (2) a statute that waives the sovereign immunity of the United States as to the claim. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003).

In the instant case, Plaintiff's claims are based on the Federal Constitution and portions of the United States Code. Thus, general subject matter jurisdiction is available under 28 U.S.C. § 1331, which provides that district courts have jurisdiction over civil actions that arise under "the Constitution, laws, or treaties of the United States." Nevertheless, the existence of general subject matter jurisdiction does not constitute a waiver of sovereign immunity. *Curry v. United States*, 774 F.2d 852, 856 n.3 (7th Cir. 1985); *see Block v. N.D. ex rel. Bd. of Univ. and Sch. Lands,* 461 U.S. 273, 280 (1983).

A suit is considered to be against the sovereign, regardless of the parties it names, if it interferes with the public administration or attempts to restrain the government from acting. *Dugan v. Rank*, 372 U.S. 609, 620 (1963). Here, Plaintiff seeks an order enjoining a grand jury investigation and future prosecution and declaring portions of the United States Code unconstitutional. These are particularly the kinds of interference with public administration that *Dugan* envisioned and therefore any such claims are definitively against the United States in its sovereign capacity.

Defendants first argue that this Court cannot exercise subject matter jurisdiction over the United States because the United States has not waived its sovereign immunity as to the claims in this case. In support, Defendants rely on: (1) the limitation by the Administrative Procedure Act (hereinafter "APA") to final actions (5 U.S.C. § 704), (2) the exception in the Declaratory Judgment Act (hereinafter "DJA") with respect to federal taxes (28 U.S.C. § 2201), and (3) the Anti-Injunction Act's (hereinafter "AIA") exemption against "suits for the purpose of collecting taxes" (26 U.S.C. § 7421(a)).

The United States may only be sued where it has expressly waived its sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Effective waivers must be "unequivocally expressed," and courts must construe the government's consent to be sued "strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

> Section 702 of the APA provides a general waiver of sovereign immunity where an individual seeks review of "agency action." 5 U.S.C. § 702. However, the waiver does not apply where "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Specifically, in waiving sovereign immunity, Section 702 of the APA cannot override the limitations of the Anti-Injunction Act and the Declaratory Judgment Act. *Fostvedt v. United States*, 978 F.2d 1201, 1204 (10th Cir. 1992); *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991).

**1. Applicability of Administrative Procedure Act**

Defendants contend that the APA does not provide a waiver of sovereign immunity in this case because the APA is limited to "final agency decisions," and no such decision had been

rendered. In addition, Defendants contend that Plaintiff is barred from contesting the jeopardy assessment in Counts V and VI based on 26 U.S.C. § 7429.

Section 704 limits actions reviewable under the APA to "[a]gency action made reviewable by statute and final agency action." 5 U.S.C. § 704. The concept of finality requires only "the conclusion of activity by the agency." *Bethlehem Steel Corp. v. E.P.A.*, 669 F.2d 903, 908 (3rd Cir. 1982) (distinguishing "finality" from exhaustion of remedies). Section 702's waiver of sovereign immunity is not limited to the technical definition of "agency action"; instead, it extends to all official misconduct by the agency. *See The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) (holding that the APA waived sovereign immunity for the plaintiff's claims where INS agents conducted improper investigations).

Here, Plaintiff's claims do not fall under any particular section of the Internal Revenue Code, so the claims must be based on a challenge to "final agency action." 5 U.S.C. § 704. As in *Presbyterian Church*, where agency investigative activities were at issue, the wrongful issuance of summonses by the IRS, failure to provide adequate notice, and other procedural improprieties with respect to Plaintiff's case describe instances of official misconduct. Therefore, the conduct alleged constitutes final agency action and the Court cannot recommend dismissing Counts I through VIII based on Defendant's "final action" argument.

Nevertheless, as noted above, the APA's waiver of sovereign immunity does not override the limitations of the Anti-Injunction Act and the Declaratory Judgment Act, which leads to Defendants' next argument.

### a. Applicability of Declaratory Judgment Act

Defendants next argue that, even if the APA's waiver of sovereign immunity applies to Plaintiff's claims, Plaintiff's requests for declaratory judgment are invalid under the DJA. The DJA provides that a court of the United States may render a declaratory judgment "except with respect to federal taxes other than actions brought under section 7428 of the Internal Revenue

Code." 28 U.S.C. § 2201.  (Section 7428 of the IRC is limited to declaratory judgments relating to status and classification of organizations and is not relevant here.  *See* 26 U.S.C. § 7428.)

Plaintiff has not articulated what he is seeking in his requests for a declaratory judgment in Counts I through VIII, but the Court infers that he is seeking declarations that the IRS's conduct alleged in those claims – all of which was related to Plaintiff's federal taxes – was illegal.  Based on the plain language of 28 U.S.C. § 2201, the DJA explicitly excludes such claims.  Therefore, Plaintiff may not seek declaratory judgment as to these claims.

Similarly, in Counts IX to XI, Plaintiff seeks declaratory judgments that 26 U.S.C. §§ 7201, 7203, and 6001, and Subtitle F of Title 26 are unconstitutional.  These provisions are all part of the IRC, whose foremost purpose is to establish the tax laws of the United States.  In fact, the rash of attacks on federal tax statutes was the primary reason why the tax exception was inserted into the DJA.  *Ingham v. Hubbell*, 462 F. Supp. 59, 64 (D.C. Iowa 1978).  Thus, the provisions of the IRC that Plaintiff challenges in Counts IX to XI all fall into the category of being "with respect to federal taxes," and the DJA bars Plaintiff from seeking declaratory judgment in Counts IX through XI.

Based on the language in Section 702 of the APA, the DJA's bar to suit overrides the general waiver of sovereign immunity provided by the APA.  *See Fostvedt*, 978 F.2d at 1204; *McCarty*, 929 F.2d at 1088.  Accordingly, Plaintiff cannot pursue his claims in Counts I through XI to the extent they seek declaratory judgment.

### b. Applicability of the Anti-Injunction Act

Defendants next contend that the Anti-Injunction Act bars Plaintiff's claims seeking to enjoin the ongoing grand jury investigation in Counts I through VIII, and his claims seeking to enjoin any future charges against Plaintiff under 26 U.S.C. §§ 7201, 7203, and 6001-7874 in Counts IX to XI.

The anti-injunction provision of the Internal Revenue Code provides that, but for certain listed exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). This prohibition extends to attempts to enjoin the IRS from obtaining or using information necessary to a tax assessment. *United States v. First Family Mortgage Corp.*, 739 F.2d 1275, 1278 (7th Cir. 1984).

Exceptions to the AIA's bar to suits include actions brought under "sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436." 26 U.S.C. § 7421. In addition, there are two judicial exceptions to the AIA. First, the AIA does not apply where a plaintiff demonstrates both (1) certainty of success on the merits, and (2) causation of irreparable harm. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6-7 (1962). Second, the AIA bar to suit does not apply where Congress has not provided the plaintiff an alternative legal method of challenging the validity of the tax. *South Carolina v. Regan*, 465 U.S. 367, 378 (1984).

In Counts I through VIII, Plaintiff seeks to enjoin a grand jury investigation into his "alleged violation of the internal revenue laws." (#1, ¶ 25.) Plaintiff contends that this relief is not an attempt to restrain the assessment or collection of a tax or to withhold information from the IRS. The Court disagrees. Although disguised as a procedural challenge, Plaintiff is essentially seeking to prevent the IRS from pursuing its tax collection activities against him. *See, e.g., Archer v. United States*, No 4:96-CV-462-A, 1996 WL 627445, *2 (N.D. Tex., Sept. 9, 1996) (unreported) (granting motion for summary judgment based on lack of federal jurisdiction under the APA). Accordingly, the AIA will bar the claims unless one of the exceptions apply.

Here, Plaintiff seeks this remedy on constitutional grounds, therefore, none of the statutory exceptions listed in Section 7421(a) apply to defeat the AIA's general bar to suits. As to the first judicial exception, Plaintiff has not established that he is assured of success in his claim and thus the *Williams Packing* exception does not apply. As to the second judicial exception, the Court notes that Sections 7201 and 7203 and the criminal sections of Subtitle F establish criminal penalties. In general, a plaintiff cannot seek an injunction against punishment

for future criminal prosecution under the *Regan* exception for inadequate remedy at law. *Brobeck v. United States*, 376 F. Supp. 494, 495 (C.D. Pa. 1974). Therefore, the second judicially-created exception does not apply either. Because none of the exceptions apply, the AIA bars the claims in Counts I through VIII to the extent they seek injunctive relief. Therefore, the Court recommends granting the motion to dismiss Counts I through VIII to the extent they seek injunctive relief.

Similarly, Counts IX through XI seek to enjoin enforcement of certain portions of the Internal Revenue Code. Because such an injunction would be for the purpose of restraining assessment of a tax, the general provisions of the AIA will bar the claims unless one of the exceptions apply. Here, none of the exceptions to the AIA's general bar to suits applies. Based on the express language in Section 702 of the APA, the AIA bar to suit overrides the APA's general waiver of sovereign immunity as to Counts IX through XI. Therefore, the Court concludes that the AIA bars Plaintiff's claims in Counts IX, X, and XI and the Court recommends dismissing those claims.

### 2. Applicability of Section 7429 of the IRC to Counts V and VI

As an additional matter, Defendants argue that, if Plaintiff is contesting tax assessments, he should have proceeded under Section 7429 of the IRC. Section 7429 provides that the Secretary must issue the taxpayer a written statement of a jeopardy assessment, and the taxpayer may contest the assessment within thirty days. 26 U.S.C. § 7429(a)(1). Judicial review is permitted within ninety days of the Secretary's determination or the taxpayer's request for administrative review. 26 U.S.C. 7429(a)(3).

The Court disagrees. Only Counts V and VI involve jeopardy assessments. However, Plaintiff is not contesting the assessments in those counts. Rather, Plaintiff alleges that Defendants did not follow the correct procedures, outlined in Sections 6751 and 7429, when making the assessments. Based on this, Plaintiff seeks an injunction ordering the grand jury to stop investigating rather than a new assessment. Thus, the provisions of Section 7429 do not apply here.

### 3.  Section 1346 As Grounds For Jurisdiction

Plaintiff also alleges that 26 U.S.C. § 1346(a)(1) provides an independent basis for federal jurisdiction over Defendants.  Section 1346(a)(1) provides that district courts have original jurisdiction in "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed."  28 U.S.C. § 1346(a)(1).  Thus, Section 1346 can provide both subject matter jurisdiction and a waiver of sovereign immunity.  *Curry*, 774 F.2d at 856 n.3.

Here, however, Plaintiff does not seek recovery of taxes in any of his claims and therefore Section 1346(a)(1) does not apply to his suit:  Plaintiff has not alleged that he has received an official assessment nor has he alleged that he has paid any assessment.  Accordingly, 26 U.S.C. § 1346(a)(1) does not provide a waiver of sovereign immunity.

### B.  Failure To State a Claim

Assuming *arguendo* that the Court has subject matter jurisdiction, Defendants also argue that Plaintiff failed to state a claim in Count I based on the facts.  Specifically, Defendants state that the Justice Department referral occurred on July 26, 2006 (#11, 8), and as a result, the December 2005 summonses were not issued following a Justice Department referral.

Defendants' statements regarding the date of the Justice Department referral conflicts with Plaintiff's complaint, and raises a factual dispute.  At this state in the proceedings, the Court must accept all well-pleaded fact and draw all inference in favor of Plaintiff.  As a result, the Court recommends denying Defendants' motion to dismiss Count I based on a failure to state a claim.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss **(#11)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk withing ten (10) working days after

being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 28th day of August, 2007.

                                                                 s/ DAVID G. BERNTHAL
                                                                U.S. MAGISTRATE JUDGE